LSK&D #: 564-7010 / 890153
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GEORGE JONES, JR.,

                        Plaintiff,

      -against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC., METROPOLITAN LIFE
INSURANCE COMPANY, CONSOLIDATED
EDISON COMPANY OF NEW YORK, INC.
LONG TERM DISABILITY PLAN,
CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC. GROUP LIFE INSURANCE
PLAN and CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC. HEALTH
CARE BENEFITS PROGRAM,

                        Defendants.
----------------------------------------------------------------x

No. 07 CV 03211 (PKC)

**ANSWER**

Defendant Metropolitan Life Insurance Company ("MetLife"), by its attorneys, Lester Schwab Katz & Dwyer, LLP, for its Answer to the Complaint, states as follows:

1.    Admits the allegations in paragraph 1 of the Complaint, but denies that any benefits are due to plaintiff.

2.    Declines to plead because the allegations in paragraph 2 of the Complaint state conclusions of law as to which no responsive pleading is required.

3.    Denies the allegations in paragraph 3 of the Complaint, except admits that venue is proper in this court, and plaintiff purports to seek entitlement to certain disability benefits under the Consolidated Edison ("Con Edison") Long-Term Disability ("LTD") Plan (the "LTD Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

4.    Denies the allegations in paragraph 4 of the Complaint.

5.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admits that Con Edison is the sponsor and Plan Administrator of the LTD Plan.

7.  Denies the allegations in paragraph 7 of the Complaint, except admits that MetLife is a New York corporation, licensed to conduct the business of insurance in New York, and that MetLife is the claim administrator for the LTD Plan and Con Edison Basic Group Life Insurance Plan ("Life Plan").

8.  Denies the allegations in paragraph 8 of the Complaint, except admits that the LTD Plan is an employee welfare benefit plan governed by ERISA; that it is sponsored by Con Edison; that MetLife is the LTD Plan's claim administrator and that Con Edison initially determines whether a participant is totally disabled under the terms of the LTD Plan.

9.  Denies the allegations in paragraph 9 of the Complaint, except admits that the Life Plan is an employee welfare benefit governed by ERISA, and that Con Edison sponsors the Life Plan and is its Plan Administrator.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Admits, upon information and belief, the allegations in paragraph 11 of the Complaint.

12. Admits, upon information and belief, the allegations in paragraph 12 of the Complaint.

2

13. Denies the allegations in paragraph 13 of the Complaint, except admits that at certain times, plaintiff was a participant in the LTD Plan.

14. Denies the allegations in paragraph 14 of the Complaint as stated, and respectfully refers the Court to the LTD Plan's Summary Plan Description ("SPD") for its complete contents.

15. Denies the allegations in paragraph 15 of the Complaint as stated, and respectfully refers the Court to the SPD Plan for its complete contents.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint, except admits, upon information and belief, that plaintiff underwent an MRI in April 2003, and respectfully refers the Court to the written report of the results of the MRI for its complete contents.

20. Denies the allegations in paragraph 20 of the Complaint, except admits, upon information and belief, that plaintiff underwent electrodiagnostic testing in April 2003 and respectfully refers the Court to the results of this testing for its complete contents.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint, and respectfully refers the Court to the referenced document for its complete contents.

29. Denies the allegations in paragraph 29 of the Complaint, and respectfully refers the Court to the referenced document for its complete contents.

30. Denies the allegations in paragraph 30 of the Complaint, and respectfully refers the court to the referenced document for its complete contents.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

LESTER SCHWAB KATZ & DWYER LLP · 120 BROADWAY · NEW YORK, NY 10271-10071

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint, except admits, upon information and belief, that plaintiff is a high school graduate and worked for Con Edison for about 12 years.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Denies the allegations in paragraph 45 of the Complaint, except admits that MetLife sent plaintiff LTD claim forms in March 2004.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48. Denies the allegations in paragraph 48 of the Complaint.

49. Denies the allegations in paragraph 49 of the Complaint.

50. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

56. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Denies the allegations in paragraph 57 of the Complaint, except admits that plaintiff submitted certain documents in support of his LTD claim to MetLife on or about April 12, 2004.

58. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Denies the allegations in paragraph 60 of the Complaint.

61. Denies the allegations in paragraph 61 of the Complaint.

62. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64. Repeats and realleges each of the foregoing responses in paragraphs "1" through "63" above as if fully set forth herein.

65. Denies the allegations in paragraph 65 of the Complaint as stated, and respectfully refers the Court to the referenced document for its complete contents.

66. Denies the allegations in paragraph 66 of the Complaint.

67. Denies the allegations in paragraph 67 of the Complaint.

68. Denies the allegations in paragraph 68 of the Complaint.

69. Denies the allegations in paragraph 69 of the Complaint.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

70. Denies the allegations in paragraph 70 of the Complaint.

71. Denies the allegations in paragraph 71 of the Complaint.

72. Denies the allegations in paragraph 72 of the Complaint.

73. Denies the allegations in paragraph 73 of the Complaint.

74. Denies the allegations in paragraph 74 of the Complaint.

75. Admits the allegations in paragraph 75 of the Complaint.

76. Denies the allegations in paragraph 76 of the Complaint as stated, and respectfully refers the Court to the SPD for its complete contents.

77. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78. Denies the allegations in paragraph 78 of the Complaint.

79. Denies the allegations in paragraph 79 of the Complaint.

80. Denies the allegations in paragraph 80 of the Complaint.

81. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82. Denies the allegations in paragraph 82 of the Complaint.

83. Denies the allegations in paragraph 83 of the Complaint.

84. Denies the allegations in paragraph 84 of the Complaint.

85. Denies the allegations in paragraph 85 of the Complaint.

86. Repeats and realleges each of the foregoing responses in paragraphs "1" through "85" above as if fully set forth herein.

87. Admits the allegations in paragraph 87 of the Complaint.

88. Denies the allegations in paragraph 88 of the Complaint as stated, and respectfully refers the Court to the referenced document for its complete contents.

89. Denies the allegations in paragraph 89 of the Complaint.

90. Denies the allegations in paragraph 90 of the Complaint.

91. Denies the allegations in paragraph 91 of the Complaint.

92. Denies the allegations in paragraph 92 of the Complaint.

93. Repeats and realleges each of the foregoing responses in paragraphs "1" through "92" above as if fully set forth herein.

94. Denies the allegations in paragraph 94 of the Complaint.

95. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint.

96. Denies the allegations in paragraph 96 of the Complaint.

97. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

99. Repeats and realleges each of the foregoing responses in paragraphs "1" through "98" above as if fully set forth herein.

100. Declines to plead because the allegations in paragraph 100 of the Complaint state conclusions of law as to which no responsive pleading is required.

101. Declines to plead because the allegations in paragraph 101 of the Complaint state conclusions of law as to which no responsive pleading is required.

102. Denies the allegations in paragraph 102 of the Complaint.

LESTER SCHWAB KATZ & DWYER LLP  ·  120 BROADWAY  ·  NEW YORK, NY 10271-10071

103. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104. Denies the allegations in paragraph 104 of the Complaint.

105. Denies the allegations in paragraph 105 of the Complaint.

106. Denies the allegations in paragraph 106 of the Complaint.

107. Denies the allegations in paragraph 107 of the Complaint.

108. Denies the allegations in paragraph 108 of the Complaint as stated, and respectfully refers the Court to the referenced document for its complete contents.

109. Denies the allegations in paragraph 109 of the Complaint.

110. Denies the allegations in paragraph 110 of the Complaint.

111. Denies the allegations in paragraph 111 of the Complaint.

112. Denies the allegations in paragraph 112 of the Complaint.

113. Denies the allegations in paragraph 113 of the Complaint.

114. Denies the allegations in paragraph 114 of the Complaint.

115. Denies the allegations in paragraph 115 of the Complaint.

116. Denies the allegations in paragraph 116 of the Complaint.

117. Denies the allegations in paragraph 117 of the Complaint.

118. Denies the allegations in paragraph 118 of the Complaint.

119. Denies the allegations in paragraph 119 of the Complaint.

120. Denies the allegations in paragraph 120 of the Complaint.

121. Denies each and every allegation in the Complaint not specifically admitted herein.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

## AFFIRMATIVE DEFENSES

122. Plaintiff has failed to exhaust his administrative remedies.

123. Plaintiff's lawsuit should be dismissed because MetLife acted reasonably and properly in adjudicating plaintiff's claim for disability benefits.

124. Plaintiff's lawsuit should be dismissed because MetLife administered plaintiff's claim in accordance with the documents and instruments governing the LTD Plan and in the interest of all LTD Plan participants and beneficiaries.

125. Plaintiff's remedies are limited to those afforded by ERISA.

126. Plaintiff's recovery of LTD benefits, if any, must be reduced by his receipt of Social Security Disability Income Benefits and other income benefits under the terms of the Plan.

**WHEREFORE**, defendant MetLife requests that the Court dismiss the Complaint with prejudice, award MetLife its attorney's fees and costs and grant MetLife such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 20, 2007

                                      Respectfully submitted,

                                      LESTER SCHWAB KATZ & DWYER, LLP

                                      _____
                                      Allan M. Marcus (AM-9027)
                                      120 Broadway
                                      New York, New York 10271
                                      (212) 964-6611
                                      Attorneys for Defendant
                                      Metropolitan Life Insurance Company

TO:

Stephane Montas, Esq.
DeHaan & Busse, LLP
300 Rabro Drive
Suite 101
Hauppauge, New York 11788
(631) 582-1200
Attorneys for Plaintiff

Paul Limmiatis, Esq.
Consolidated Edison Company of New York, Inc.
4 Irving Place, Room 1875-S
New York, New York 10003
(212) 460-2571
Attorney for Consolidated Edison Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGE JONES, JR.,

                                                Plaintiff,

        -against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC., METROPOLITAN LIFE
INSURANCE COMPANY, CONSOLIDATED
EDISON COMPANY OF NEW YORK, INC.
LONG TERM DISABILITY PLAN,
CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC. GROUP LIFE INSURANCE
PLAN and CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC. HEALTH
CARE BENEFITS PROGRAM,

                                             Defendants.
------------------------------------------------------------X

No. 07 CV 03211 (PKC)

**ANSWER**

LESTER SCHWAB KATZ & DWYER, LLP

ATTORNEYS FOR    **Defendant**
                           **METROPOLITAN LIFE INSURANCE**
                           **COMPANY**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916