UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GEORGE JONES, JR.,                                    :
                                                      :
                        Plaintiff,                    :        07 CV 3211 (PKC)(DFE)
                                                      :
            -against-                                 :        **ANSWER**
                                                      :
CONSOLIDATED EDISON COMPANY OF NEW                    :
YORK, INC.; METROPOLITAN LIFE INSURANCE               :
COMPANY; CONSOLIDATED EDISON COMPANY                  :
OF NEW YORK, INC. LONG TERM DISABILITY                :
PLAN; CONSOLIDATED EDISON COMPANY OF                  :
NEW YORK, INC. GROUP LIFE INSURANCE PLAN;             :
and CONSOLIDATED EDISON COMPANY OF NEW                :
YORK, INC. HEALH CARE BENEFITS PROGRAM,               :
                                                      :
                        Defendants.                   :
------------------------------------------------------------------------X

Defendants Consolidated Edison Company of New York, Inc. ("Con Edison"),

Consolidated Edison Company of New York, Inc. Long Term Disability Plan (the "LTD Plan"),

Consolidated Edison Company of New York, Inc. Group Life Insurance Plan (the "Life Plan"),

and Consolidated Edison Company of New York, Inc. Health Care Benefits Program (the

"Health Plan") (the forgoing defendants are referred to collectively hereinafter as the "Con

Edison Defendants"), by their attorney Mary Schuette, answer the plaintiff's complaint

("Complaint") as follows:

### JURISDICTION AND VENUE

1.      Deny the allegations contained in paragraph 1 of the Complaint, and respectfully

refer all questions of jurisdiction to the Court and refer the Court to the statutes cited for their

terms and provisions.

2.    Deny the allegations contained in paragraph 2 of the Complaint, and respectfully refer all questions of law to the Court and refer the Court to the case and statute cited for their terms and provisions.

3.    Deny the allegations contained in paragraph 3 of the Complaint, and respectfully refer all questions of venue to the Court and refer the Court to the statute cited for its terms and provisions.

## NATURE OF ACTION

4.    Deny the allegations contained in paragraph 4 of the Complaint, except admit that Defendants the LTD Plan, the Life Plan and the Health Plan are employee welfare benefit plans sponsored, established and maintained by Defendant Con Edison for the benefit of its employees.

## THE PARTIES

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admit that Con Edison's records indicate that plaintiff was born on March 11, 1961, and resided in New York, New York at the time his employment with Con Edison terminated.

6.    Deny the allegations contained in paragraph 6 of the Complaint, except admit that Con Edison is a New York Corporation, its principal office is located in New York, and it is the sponsor of the LTD Plan, the Life Plan, and the Health Plan.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admit that Defendant Metropolitan Life Insurance Company ("MetLife") is the Claims Administrator for the LTD Plan and the Life Plan.

8.    Deny the allegations contained in paragraph 8 of the Complaint, except admit that the LTD Plan is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and is sponsored by Con Edison, admit that claims made pursuant to the LTD Plan are administered by MetLife, admit that Con Edison retains the authority to determine whether an employee is totally disabled within the meaning of the LTD Plan, and admit that Con Edison retains the authority to determine initial eligibility for LTD benefits and eligibility for benefits during the first 24 months in which a participant is eligible to receive LTD benefits.

9.    Deny the allegations contained in paragraph 9 of the Complaint, except admit that the Life Plan is an employee welfare benefit plan as defined by ERISA and is sponsored by Con Edison, and admit that claims made under the plan are administered by MetLife.

10.    Deny the allegations contained in paragraph 10 of the Complaint, except admit that the Health Plan is an employee welfare benefit plan as defined by ERISA and is sponsored by Con Edison.

**STATEMENT OF FACTS**

11.    Deny the allegations contained in paragraph 11 of the Complaint, except admit that prior to and including November 20, 2003, plaintiff was employed by Con Edison and held the job title of Lead Mechanic in Con Edison's Bronx Gas Distribution Services Emergency Response Force.

12.    Admit that plaintiff's employment with Con Edison began on February 19, 1991.

13.    Deny the allegations contained in paragraph 13 of the Complaint, except admit that prior to and including November 20, 2003, plaintiff and other regular Con Edison employees represented by Local 1-2, Utility Workers Union of America, AFL-CIO (the "Union") were

covered participants in the LTD Plan, admit that the LTD Plan provided for payment of disability benefits to eligible plan participants who were totally disabled as determined by Con Edison, and admit that the monthly disability benefit was based on a percentage of the participant's monthly base pay.

14.    Deny the allegations contained in paragraph 14 of the Complaint, except admit that the Summary Plan Description ("SPD") for the LTD Plan in effect prior to June 27, 2004 contained much of the language quoted in paragraph 14 of the Complaint, and state that the SPD for the LTD Plan speaks for itself.

15.    Deny the allegations contained in paragraph 15 of the Complaint, except admit that the SPD for the LTD Plan in effect prior to June 27, 2004 contained much of the language quoted in paragraph 15 of the Complaint, and state that the SPD for the LTD Plan speaks for itself.

16.    Deny the allegations contained in paragraph 16 of the Complaint, except admit that in 1996 a claim for workers' compensation benefits was submitted on plaintiff's behalf, which claimed that plaintiff experienced a back ache/strain while working in April 1996; and admit that plaintiff was awarded workers' compensation benefits for 18.4 weeks of intermittent lost time from April 30, 1996 to January 27, 2003, and for lost time from February 3, 2003 to August 11, 2003; and state that the Board Panel of the New York State Workers' Compensation Board issued a decision dated May 14, 2007, which found no compensable lost time after January 8, 2004, and which also found that plaintiff's separation from employment with Con Edison was voluntary and not due to any work-related disability.

17.    Deny the allegations contained in paragraph 17 of the Complaint, except admit that plaintiff at various times submitted medical documentation to Con Edison's Occupational

Health Department and to Sedgwick Claims Management Services, Inc., Con Edison's third-party administrator for workers' compensation benefits.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.    Deny the allegations contained in paragraph 21 of the Complaint, except admit that plaintiff was absent from work for extended periods of time over the period from April 2003 to November 20, 2003.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.    Deny the allegations contained in paragraph 25 of the Complaint, except admit that Con Edison's records indicate that plaintiff was on sick leave from February 3, 2003 to August 8, 2003, and admit that plaintiff returned to work on August 11, 2003 on temporary limited duty based on temporary medical restrictions imposed by Con Edison's Occupational Health Department which included sedentary work only and no prolonged sitting.

26.    Deny the allegations contained in paragraph 26 of the Complaint, except admit that on or around November 20, 2003, plaintiff was classified as a permanent limited duty employee, based on a determination by Con Edison's Occupational Health Department that plaintiff was unable to perform the essential functions of his position as a Lead Mechanic.

27.    Deny the allegations contained in paragraph 27, except admit that on November 20, 2003, plaintiff met with representatives of Con Edison and they discussed the implementation of Con Edison's Personnel Practice and Procedure entitled, "Placement and Training of Permanent Limited Duty Bargaining Unit Employees", dated June 1, 2003 (the "C-6 Policy").

28.    Deny the allegations contained in paragraph 28 of the Complaint, and state that the C-6 Policy speaks for itself.

29.    Deny the allegations contained in paragraph 29 of the Complaint, and state that the C-6 Policy speaks for itself.

30.    Deny the allegations contained in paragraph 30 of the Complaint, except admit that the C-6 Policy sets forth procedures to be followed under the policy, and state that the C-6 Policy speaks for itself.

31.    Deny the allegations contained in paragraph 31 of the Complaint, except admit that on or around November 20, 2003, plaintiff was classified as a permanent limited duty employee, based on a determination by Con Edison's Occupational Health Department that plaintiff was unable to perform the essential functions of his position as a Lead Mechanic.

32.    Deny the allegations contained in paragraph 32 of the Complaint, except admit that after plaintiff's classification as a permanent limited duty employee, he was assigned other work functions which he was capable of performing, but he retained the Lead Mechanic job title

and continued to receive the same rate of pay notwithstanding his inability to perform the essential functions of that position.

33.    Deny the allegations contained in paragraph 33 of the Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admit that Con Edison's records reflect that plaintiff has a high school education, and admit that he was employed by Con Edison from February 19, 1991 to April 12, 2004.

35.    Deny the allegations contained in paragraph 35 of the Complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37.    Deny the allegations contained in paragraph 37 of the Complaint.

38.    Deny the allegations contained in paragraph 38 of the Complaint.

39.    Deny the allegations contained in paragraph 39 of the Complaint.

40.    Deny the allegations contained in paragraph 40 of the Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, except admit that plaintiff was absent without leave (AWOL) from work beginning on March 9, 2004, notwithstanding the fact that on March 5, 2004, plaintiff was evaluated in Con Edison's Occupational Health Department and determined fit for duty with limited restrictions.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, except deny that plaintiff was unable to work under the C-6 Policy.

44.    Deny the allegations contained in paragraph 44 of the Complaint, except admit that plaintiff did not return to work for Con Edison at any time after March 8, 2004.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, except deny that plaintiff was unable to work under the C-6 Policy.

46.    Deny the allegations contained in paragraph 46 of the Complaint, except admit that Con Edison sent plaintiff a letter dated March 12, 2004, which stated *inter alia* that plaintiff's sick allowance payments were scheduled to expire on May 13, 2004.

47.    Deny the allegations contained in paragraph 47 of the Complaint, except admit that the letter dated March 12, 2004 contains much of the language quoted in paragraph 47 of the Complaint, and state that the letter speaks for itself.

48.    Deny the allegations contained in paragraph 48 of the Complaint.

49.    Deny the allegations contained in paragraph 49 of the Complaint.

50.    Deny the allegations contained in paragraph 50 of the Complaint.

51.    Deny the allegations contained in paragraph 51 of the Complaint, except admit that Con Edison's records indicate that plaintiff did not attend any appointment with Con Edison's Occupational Health Department at any time between March 8, 2004 and April 12, 2004 when his employment terminated.

52.    Deny the allegations contained in paragraph 52 of the Complaint, except admit that Con Edison sent plaintiff a letter dated March 29, 2004, which stated *inter alia* that plaintiff

had been evaluated in Con Edison's Occupational Health Department on March 5, 2004 and was determined fit for duty with limited restrictions, that plaintiff had been AWOL from work since March 9, 2004, and that plaintiff would be terminated for insubordination if he did not report to work by March 31, 2004.

53.    Deny the allegations contained in paragraph 53 of the Complaint.

54.    Deny the allegations contained in paragraph 54 of the Complaint, except admit that on March 31, 2004 plaintiff telephoned Con Edison's Human Resources Specialist who had written the letter dated March 29, 2004, and admit that the Human Resources Specialist advised plaintiff that he would be terminated if he did not report to work that day, as explained in the letter.

55.    Deny the allegations contained in paragraph 55 of the Complaint, except admit that Con Edison sent plaintiff a letter dated April 9, 2004, which stated that plaintiff's employment was being terminated effective April 12, 2004, for insubordination and being AWOL from work since March 9, 2004.

56.    Deny the allegations contained in paragraph 56 of the Complaint.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.    Deny the allegations contained in paragraph 58 of the Complaint, except admit that plaintiff's permanent medical restrictions which had been imposed in November 2003 had not been removed by the time his employment terminated on April 12, 2004, and admit that in the time frame from November 2003 to April 12, 2004 plaintiff was not determined fit to perform the essential functions of his former duties as Lead Mechanic.

59.    Deny the allegations contained in paragraph 59 of the Complaint.

60.    Deny the allegations contained in paragraph 60 of the Complaint.

61.    Deny the allegations contained in paragraph 61 of the Complaint.

62.    Deny the allegations contained in paragraph 62 of the Complaint.

63.    Deny the allegations contained in paragraph 63 of the Complaint.

## PLAINTIFF'S CAUSE OF ACTION
## FOR LONG TERM DISABILITY BENEFITS

64.    The Con Edison Defendants repeat, reiterate and reallege each and every response as set forth above to the allegations contained in paragraphs 1 through 63 of the Complaint, as if fully set forth herein.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.    Deny the allegations contained in paragraph 66 of the Complaint.

67.    Deny the allegations contained in paragraph 67 of the Complaint.

68.    Deny the allegations contained in paragraph 68 of the Complaint.

69.    Deny the allegations contained in paragraph 69 of the Complaint.

70.    Deny the allegations contained in paragraph 70 of the Complaint.

71.    Deny the allegations contained in paragraph 71 of the Complaint, except admit that Con Edison retains the discretionary authority to determine initial eligibility for LTD benefits and eligibility for LTD benefits during the first 24 months in which LTD benefits are payable under the terms of the plan.

72.    Deny the allegations contained in paragraph 72 of the Complaint.

73.    Deny the allegations contained in paragraph 73 of the Complaint.

74.    Deny the allegations contained in paragraph 74 of the Complaint.

75.     Deny the allegations contained in paragraph 75 of the Complaint, except admit that the LTD Plan refers to the C-6 Policy, and state that the LTD Plan speaks for itself.

76.     Deny the allegations contained in paragraph 76 of the Complaint, except admit that the SPD for the LTD contained much of the language quoted in paragraph 76 of the Complaint, and state that plaintiff was not terminated under the C-6 Policy but was terminated for insubordination and being AWOL from work.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.     Deny the allegations contained in paragraph 78 of the Complaint.

79.     Deny the allegations contained in paragraph 79 of the Complaint.

80.     Deny the allegations contained in paragraph 80 of the Complaint.

81.     Deny the allegations contained in paragraph 81 of the Complaint, except admit that plaintiff's permanent medical restrictions which had been imposed in November 2003 were never removed, and admit that after November 20, 2003, plaintiff was never determined fit to perform the essential functions of his former duties as Lead Mechanic.

82.     Deny the allegations contained in paragraph 82 of the Complaint, and state that Con Edison at all times complied with the terms of its LTD Plan and C-6 Policy.

83.     Deny the allegations contained in paragraph 83 of the Complaint.

84.     Deny the allegations contained in paragraph 84 of the Complaint.

85.     Deny the allegations contained in paragraph 85 of the Complaint.

## PLAINTIFF'S CAUSE OF ACTION FOR
## CONTINUED LIFE INSURANCE BENEFITS

86.     The Con Edison Defendants repeat, reiterate and reallege each and every response as set forth above to the allegations contained in paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

87.     Deny the allegations contained in paragraph 87 of the Complaint, except admit that prior to April 12, 2004, plaintiff at various times was a covered participant under the Defendant Life Plan, and admit that MetLife administers claims for benefits under the Life Plan.

88.     Deny the allegations contained in paragraph 88 of the Complaint, except admit that the SPD for the Life Plan contained much of the language quoted in paragraph 88 of the Complaint.

89.     Deny the allegations contained in paragraph 89 of the Complaint, except admit that it was determined that plaintiff was not totally disabled and that plaintiff was ineligible for continued coverage under the Life Plan.

90.     Deny the allegations contained in paragraph 90 of the Complaint.

91.     Deny the allegations contained in paragraph 91 of the Complaint.

92.     Deny the allegations contained in paragraph 92 of the Complaint.

**PLAINTIFF'S CAUSE OF ACTION FOR<br>CONTINUED MEDICAL INSURANCE BENEFITS**

93.     The Con Edison Defendants repeat, reiterate and reallege each and every response as set forth above to the allegations contained in paragraphs 1 through 92 of the Complaint, as if fully set forth herein.

94.     Deny the allegations contained in paragraph 94 of the Complaint, except admit that prior to April 12, 2004, plaintiff at various times was a covered participant under the Health Plan.

95.     Deny the allegations contained in paragraph 95 of the Complaint, and state that the SPD for the Health Plan speaks for itself.

96.     Deny the allegations contained in paragraph 96 of the Complaint.

97.     Deny the allegations contained in paragraph 97 of the Complaint, and state that the Health Plan speaks for itself.

98.     Deny the allegations contained in paragraph 98 of the Complaint.

### PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTIES AGAINST DEFENDANT, CON EDISON

99.     The Con Edison Defendants repeat, reiterate and reallege each and every response as set forth above to the allegations contained in paragraphs 1 through 98 of the Complaint, as if fully set forth herein.

100.     State that the statements contained in paragraph 100 of the Complaint are not allegations of fact and need not be admitted or denied, and respectfully refer to the Court all questions and issues of law and statutory interpretation.

101.     State that the statements contained in paragraph 101 of the Complaint are not allegations of fact and need not be admitted or denied, and respectfully refer to the Court all questions and issues of law and statutory interpretation.

102.     Deny the allegations contained in paragraph 102 of the Complaint.

103.     Deny the allegations contained in paragraph 103 of the Complaint.

104.     Deny the allegations contained in paragraph 104 of the Complaint.

105.     Deny the allegations contained in paragraph 105 of the Complaint.

106.     Deny the allegations contained in paragraph 106 of the Complaint.

107.     Deny the allegations contained in paragraph 107 of the Complaint.

108.     Deny the allegations contained in paragraph 108 of the Complaint.

109.     Deny the allegations contained in paragraph 109 of the Complaint, except admit that it was determined that plaintiff was not eligible for LTD benefits.

110.     Deny the allegations contained in paragraph 110 of the Complaint.

13

111.    Deny the allegations contained in paragraph 111 of the Complaint.

112.    Deny the allegations contained in paragraph 112 of the Complaint.

113.    Deny the allegations contained in paragraph 113 of the Complaint.

114.    Deny the allegations contained in paragraph 114 of the Complaint.

115.    Deny the allegations contained in paragraph 115 of the Complaint.

116.    Deny the allegations contained in paragraph 116 of the Complaint.

117.    Deny the allegations contained in paragraph 117 of the Complaint.

118.    Deny the allegations contained in paragraph 118 of the Complaint.

119.    Deny the allegations contained in paragraph 119 of the Complaint.

120.    Deny the allegations contained in paragraph 120 of the Complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

121.    The Complaint fails to state a claim upon which relief can be granted against the Con Edison Defendants.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

122.    Plaintiff's claims against the Con Edison Defendants are barred for failure to exhaust administrative remedies.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

123.    Plaintiff's claims against the Con Edison Defendants are barred for failure to exhaust the grievance and arbitration remedies under the collective bargaining agreement between the Union and Con Edison, which agreement provides an exclusive dispute resolution procedure for claims arising under the agreement and which culminates in binding arbitration.

**AS AND FOR A FOURTH**
**AFFIRMATIVE DEFENSE**

124.    Plaintiff's claims against the Con Edison Defendants, to the extent based on state

or common law, are preempted by ERISA.

**AS AND FOR A FIFTH**
**AFFIRMATIVE DEFENSE**

125.    The Con Edison Defendants have at all times discharged their duties in good faith

and in accordance with law.

**AS AND FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

126.    Plaintiff's claims against the Con Edison Defendants are barred, in whole or in

part, for lack of standing to sue.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

127.    Plaintiff's claims against the Con Edison Defendants are barred by illegality, to

the extent plaintiff seeks remedies inconsistent with the terms of the employee benefit plans.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

128.    Plaintiff's claims are barred because the benefit determinations at issue were not

arbitrary, capricious, unreasonable or made in bad faith.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

129.    Plaintiff's claims for benefits, to the extent based on Section 502(a)(1)(B) of

ERISA, 29 U.S.C. § 1132(a)(1)(B), cannot be maintained against Defendant Con Edison because

it is not an employee benefit plan.

**AS AND FOR A TENTH**
**AFFIRMATIVE DEFENSE**

130.    Plaintiff's claims for breach of fiduciary duty are barred because they do not seek

appropriate equitable relief redressable under ERISA.

**AS AND FOR AN ELEVENTH**
**AFFIRMATIVE DEFENSE**

131.    Plaintiff's claims against the Con Edison Defendants are barred, in whole or in

part, by applicable statutes of limitations.

**AS AND FOR A TWELFTH**
**AFFIRMATIVE DEFENSE**

132.    The Con Edison Defendants reserve all of their rights with respect to any

available defenses as more information becomes available.

WHEREFORE, the Con Edison Defendants request judgment dismissing the Complaint

in its entirety with prejudice, and granting the Con Edison Defendants the costs and

disbursements of this action, attorney's fees incurred in defense of this action, and such other and

further relief as the Court deems just and proper.

Dated: June 20, 2007
        New York, New York

                            MARY SCHUETTE (MS 4752)
                            Attorney for the Con Edison Defendants
                            4 Irving Place, Rm. 1815-S
                            New York, New York 10003
                            (212) 460-2496

                            By:   Paul Limmiatis (PL 5521)
                                  (212) 460-2571
                                  Barbara Jane Carey (BC 6895)
                                  (212) 460-1122
                                  Sharon Goldzweig (SG 3609)
                                  (212) 460-3196

To:   Stephan Montas, Esq.
Attorney for Plaintiff
300 Rabro Drive, Suite 101
Hauppauge, New York 11788
(631) 582-1200

Allan M. Marcus, Esq.
Lester Schwab Katz & Dwyer, LLP
Attorneys for Defendant
Metropolitan Life Insurance Company
120 Broadway
New York, New York 10271
(212) 964-6611