July 12, 2007

**VIA FACSIMILE (212-805-7949) AND ECF**

Hon. P. Kevin Castel
United States District Judge
500 Pearl Street
New York, New York 10007

Re:    Jones v. Con Edison, et al., Case No. 07-CV-3211 (PKC)

Dear Judge Castel:

This joint letter is submitted by counsel for the parties to this litigation. The initial Rule 16 conference is scheduled for this Friday July 13, 2007, at 12:30 p.m.

1. **Brief Description of the Case**

This is an action to recover benefits from ERISA-covered welfare benefit plans including a long-term disability plan ("LTD Plan"), a group life insurance plan ("Life Plan") and a health care benefits plan ("Health Plan"), each of which is sponsored by defendant Con Edison, Plaintiff's former employer. Defendant MetLife is the claims administrator for the LTD Plan and the Life Plan.

   a. **Plaintiff's Factual and Legal Bases for the Claims**

Although there are several important ancillary issues (detailed in the Complaint) which Plaintiff feels will help him prevail in his claim for Long Term Disability benefits under the Con Edison LTD Plan, the central argument that Plaintiff asserts is that Defendant, Con Edison, as Plan Administrator, had clearly and actively determined that Plaintiff met the definition of "Total Disability" found in the LTD Plan when it placed him on the C-6 Policy, which deals with the placement of "Permanent Limited Duty Employees" who have been determined by Con Ed's Medical Department to be unable to perform the duties of their regular job with Con Ed. Moreover, Con Ed exercised an unconscionable and unauthorized degree of discretionary control over Plaintiff's claim for LTD benefits, such that his claim was not even considered by MetLife, as was prescribed under the LTD Policy.

Additionally, Plaintiff was not required to exhaust his administrative remedies, since the only communication he received from MetLife after he had filed everything necessary for his claim for LTD benefits was a letter informing him his claim was being closed -- not considered, not denied -- but closed. This letter contained no ERISA language, nor any mention of Plaintiff's right to appeal the adverse decision, nor even any decision, whatsoever, on the merits of his LTD claim. Neither Con Ed, nor MetLife complied with the provisions of ERISA, nor did they even make any decision on Plaintiff's LTD claim which he could appeal. Accordingly, Plaintiff was forced to deem his claim denied and proceed with this litigation. Due to the fact that Plaintiff

had deemed this case denied, the standard of review to be applied by the Court in deciding this matter is *de novo*.

With regard to the Plaintiff's termination, Plaintiff asserts that said termination was illegal and violated his ERISA rights, and also violated Defendants' fiduciary duties to fully and fairly administer Plaintiff's claim for benefits. However, Plaintiff did continue to assert his total disability to Con Ed, directly following the "closure" of his LTD claim. Accordingly, much, if not all, of the documentation relevant to Plaintiff's "appeal" of the closure of his LTD claim to Con Ed would be found in the business records of Con Ed's own Medical Department and Human Resources Department, as well as in Con Ed's general employee file regarding Plaintiff. Accordingly, Plaintiff will be seeking detailed discovery regarding, *inter alia*, these documents and the circumstances surrounding his continued assertions to Con Ed that the "closure" of his LTD claim had been wrongful.

With regard to Plaintiff's claims for continued Life Insurance and Medical Insurance coverage, these claims are ancillary to the underlying issue of Plaintiff's total disability, and are based on the same medical documentation and circumstances as Plaintiff's claim for LTD benefits.

### b. The Con Edison Defendants' Defenses

Plaintiff cannot recover the benefits he seeks because Con Edison determined that he was not totally disabled under the terms of the defendant benefit plans. On March 5, 2004, Con Edison's Occupational Health Department evaluated Plaintiff and determined that he was fit to return to work with limited restrictions. He refused to return to work, and consequently he was fired on April 12, 2004, for insubordination and being AWOL.

Additionally, Con Edison defends on grounds, *inter alia*, of Plaintiff's failure to exhaust administrative remedies, lack of standing, and untimeliness under applicable limitations periods.

### c. Defendant MetLife's Defenses

MetLife is the third-party claims administrator for the Con Edison long-term disability Plan. MetLife administered Plaintiff's claim in accordance with the Plan and Con Edison's determination as to Plaintiff's eligibility for LTD benefits. Additionally, MetLife defends, *inter alia*, on the grounds that Plaintiff failed to exhaust his administrative remedies.

## 2. Contemplated Motions

### a. Plaintiff

At the present time, at this early stage of litigation, Plaintiff does not contemplate bringing any Motions, with the exception of a possible Summary Judgment Motion. However, even a Summary Judgment Motion is far from a certainty at the present time.

### b. The Con Edison Defendants

The Con Edison Defendants anticipate filing a motion for summary judgment upon the completion of discovery.

### c. Defendant MetLife

Defendant MetLife contemplates filing a motion for summary judgment upon completion of discovery.

## 3. Prospect for Settlement

Settlement appears unlikely at this time.

Respectfully submitted,

_s/ Stephane M. Montas_
STEPHANE M. MONTAS (SMM 4859)
PATRICK HENRY BUSSE
Binder & Binder, P.C.
Attorneys for Plaintiff
3000 Rabro Drive
Suite 101
New York, NY 10007
Telephone: (631) 582-1200
Facsimile: (631) 582-1228

_s/ Paul Limmiatis_
PAUL LIMMIATIS (PL 5521)
MARY SCHUETTE
Consolidated Edison Company of New York, Inc.
Attorneys for Con Edison Defendants
4 Irving Place, Room 1815-S
New York, NY 10003
Telephone: (212) 460-2571
Facsimile: (212) 677-5850

_s/ Allan M. Marcus_
ALLAN M. MARCUS (AM 9027)
Lester Schwab Katz & Dwyer, LLP
Attorneys for Defendant Metropolitan
 Life Insurance Company
120 Broadway
New York, New York 10271
Telephone: (212) 964-6611
Facsimile: (212) 267-5916